UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-cv-21710-RKA
Judge Roy K. Altman

THE KYJEN COMPANY, LLC,
Plaintiff,
v.
THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,
Defendants.

_____/

**DEFENDANT ALUCKMAO'S MOTION TO DISSOLVE
PRELIMINARY INJUNCTION**

Defendant Aluckmao (Doe #2) ("Aluckmao"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b)(5) and 15 U.S.C. § 1116 to dissolve the Preliminary Injunction entered on June 6, 2025 (ECF No. 42) as to Aluckmao. Pursuant to Local Rule 7.1(B), Aluckmao's counsel conferred with Plaintiff's counsel on June 15, 2025, to discuss the substance of this motion and potential resolution, but no agreement was reached (see Certificate of Compliance below). For the reasons set forth below, changed circumstances and the lack of equitable grounds for continuing the injunction warrant its dissolution.

**I. INTRODUCTION**

On April 14, 2025, Plaintiff The Kyjen Company, LLC filed its Complaint (ECF No. 1) against 142 defendants, including Aluckmao, alleging trademark, patent, and copyright infringement related to the Outward Hound IP, including U.S. Patent No. 8,316,804 B2 ("'804 Patent") (Compl., Ex. 2). On June 6, 2025, this Court granted Plaintiff's Motion for Entry of Preliminary Injunction (ECF No. 12) against Aluckmao and other defendants, restraining their use of the Outward Hound IP and associated financial accounts (ECF No. 42). Aluckmao now moves to dissolve the injunction due to changed circumstances and because maintaining the injunction is no longer equitable, as Plaintiff's claims against Aluckmao lack solid factual and legal grounds.

Aluckmao, operating an e-commerce store on Amazon (Compl., Schedule A, ECF No. 42 at 10), is a China-based entity facing significant language and logistical barriers in navigating U.S. legal proceedings. Upon receiving notice of this case, Aluckmao lacked knowledge of U.S. legal processes and counsel, leading to an unintentional absence from the May 27, 2025, preliminary injunction hearing (ECF No. 37). Since retaining counsel, Aluckmao has actively engaged in its defense, but the injunction was entered before counsel could respond. Moreover, Plaintiff's allegations of infringement of the '804 Patent are unfounded, as Aluckmao's product, an educational turntable toy, is protected by its own valid design patent (U.S. Patent No. D1,044,951 S, issued Oct. 1, 2024) and does not infringe the '804 Patent's claims. These changed circumstances and the lack of merit in Plaintiff's claims justify dissolving the injunction.

## II. LEGAL STANDARD

"Under Rule 60 of the Federal Rules of Civil Procedure, 'a district court has continuing

jurisdiction over a preliminary injunction and may relieve a party from obligations determined by the decree if it is no longer equitable.'" *VPR Brands, LP v. Shenzhen Weiboli Technology Co. Ltd.*, 2023 WL 3600666, 2 (S.D.Fla. April 19, 2023) (*quoting Atlanta J. & Const. v. City of Atlanta Dep't of Aviation, 6 F. Supp. 2d 1359, 1364 (N.D. Ga. 1998) (citing Fed. R. Civ. P. 60(b)(5)))*.

To achieve this relief, the movant bears the burden to "show a change in circumstances that justifies the relief requested." CWI, Inc. v. LDRV Holdings Corp., No. 13-CV-93-T-35, 2013 WL 12123229, at 2 (M.D. Fla. Oct. 16, 2013) (*citing Hodge v. Dep't of Hous. & Urb. Dev., Hous. Div., Dade Cnty., Fla.*, 862 F.2d 859, 861–62 (11th Cir. 1989)); *see also All Web Leads, Inc. v. D'Amico*, 2018 WL 6522167, 3 (S.D. Fla. Nov. 9, 2018)). "Modification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Id.* (quoting *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993)).

### III. ARGUMENT

**A. Changed Circumstances Warrant Dissolution of the Preliminary Injunction.**

Significant changed circumstances demonstrate that continuing the preliminary injunction against Aluckmao is no longer equitable. These circumstances include Aluckmao's logistical and procedural challenges as a China-based entity and its active efforts to engage in the case upon retaining counsel.

Aluckmao is based in China and operates primarily in Chinese, creating a significant language barrier in understanding and responding to U.S. legal proceedings. When Aluckmao received notice of this case via electronic service on April 23, 2025 (ECF No. 30), it lacked knowledge of U.S. legal processes, including the significance of the temporary restraining order (ECF No. 14) and the preliminary injunction hearing (ECF No. 37).

Upon receiving notice, Aluckmao did not know how to retain U.S. counsel or navigate the U.S. legal system, further delaying its ability to respond. The complexity of securing counsel across jurisdictions, coupled with Aluckmao's lack of U.S. contacts, constitutes a changed circumstance. Aluckmao's absence from the May 27, 2025, hearing was not due to intentional disregard but rather its inability to secure representation in time, a factor courts consider when modifying injunctions.

Since retaining undersigned counsel, Aluckmao has actively engaged in its defense, including reviewing the Complaint, investigating Plaintiff's claims, and conferring with Plaintiff's counsel on June 15, 2025, to resolve the dispute. However, the preliminary injunction was entered on June 6, 2025, before counsel could file a response or appear. Aluckmao's proactive steps demonstrate a good-faith effort to participate, supporting dissolution.

**B. Plaintiff's Claims Lack Solid Factual and Legal Grounds**

The preliminary injunction is no longer equitable because Plaintiff's claims against Aluckmao, particularly for infringement of the '804 Patent, lack solid factual and legal grounds, undermining the likelihood of success and irreparable harm required for an injunction. *See eBay Inc. v. Mercexchange, Ll,* 547 US 388, 391 (2006).

**1. Non-Infringement of the '804 Patent.**

Plaintiff alleges that Aluckmao's product, an educational turntable toy (see Exhibit A: Infringing Evidence, pp. 1–12), infringes Claim 1 of the '804 Patent, which claims a pet board game with "a plurality of spaced apart tracks" containing "two first cavities and a second cavity in between said first cavities" and "two game covers movably arranged along" the tracks (Compl., Ex. 2, US8316804.pdf, p. 22). However, Aluckmao's product, as shown in the Amazon listing (Ex. A, pp. 1–3), is a turntable toy with rotating layers, not a board game with linear tracks or cavities as claimed. The '804 Patent describes a game board with fixed tracks and sliding covers (Compl., Ex. 2, US8316804.pdf, pp. 13–14, Figs. 1–2), while Aluckmao's toy features a circular, rotating design based on Defendant's own design patent registered in the U.S. with registration No. US D1,044,951 S (see Ex. A, p. 1; Ex. B: Defendant's Design Patent US D1,044,951 S ("'951 Patent"), Figs. 1–8). *See* Figure 1 below for comparison of Defendant's product, `804 Patent and Defendant's own design patent `951 Patent. This structural difference precludes literal infringement or infringement under the doctrine of equivalents, as the turntable mechanism does not perform substantially the same function in the same way. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 38-40 (1997) (equivalents require same function, way, and result). Plaintiff's evidence (Infringing Evidence.pdf) fails to show how Aluckmao's product meets the specific claim elements, weakening its likelihood of success.

**Figure 1: Def's Product, `804 Patent and Def's Own Patent**

| Defendant's Product | Plaintiff' `804 Patent | Defendant's `951 Patent |
|---|---|---|

### 2. Aluckmao's Valid Design Patent.

Aluckmao's product is protected by U.S. Design Patent No. D1,044,951 S, issued October 1, 2024, for an "Educational Turntable Toy" (Ex. B, Defendant's Design Patent US D1,044,951 S, p. 3). The design patent, filed June 9, 2022, and claiming priority to a Chinese application from April 28, 2022, covers the ornamental design of Aluckmao's product, as shown in Figures 1–8 (id., pp. 5–12). The existence of Aluckmao's patent undermines Plaintiff's claim of infringement, as it demonstrates independent creation and a distinct design. The '804 Patent, a utility patent, covers functional aspects of a pet board game, while Aluckmao's design patent protects a unique aesthetic, further negating infringement. *See In re SurgiSil, L.L.P.*, 14 F.4th 1380, 1383 (Fed. Cir. 2021) (design patents protect ornamental features).

### 3. Lack of Irreparable Harm.

Plaintiff's claim of irreparable harm (ECF No. 12) is speculative, as it relies on generalized assertions of consumer confusion and lost sales (Compl. ¶¶ 10, 43). However, Aluckmao's product, protected by its own patent, is unlikely to cause confusion, as its rotating

turntable design is visually distinct from Plaintiff's track-based game board (compare Ex. A: Infringing Evidence, p. 1, with Ex. 2 of Compl., US8316804.pdf, Figs. 1–2). Moreover, Plaintiff has not provided evidence of actual lost sales or reputational harm specific to Aluckmao's product. The Eleventh Circuit requires a clear showing of irreparable harm, which Plaintiff fails to meet here. *See Siegel v. LePore, 234 F.3d 1163*, 1176 (11th Cir. 2000) (en banc).

### 4. Balance of Hardships and Public Interest.

The balance of hardships favors Aluckmao, as the injunction halts its lawful business operations, freezing its Amazon account (Compl., Schedule A, ECF No. 42 at 10) and causing financial harm, while Plaintiff suffers no demonstrable harm from Aluckmao's distinct product. *See eBay,* 547 U.S. at 391 (balancing hardships in patent cases). The public interest also favors dissolution, as Aluckmao's patented product promotes innovation and competition, whereas Plaintiff's broad injunction risks stifling legitimate commerce. *See Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1314, 1338 (Fed. Cir. 2012) ("With respect to the smartphone patents, because it found the question of infringement to be a close one, the district court found that the public's interest in the protection of patent rights "is counterbalanced by Samsung's continuing right to compete, which must be viewed as legitimate at this stage in the process." *Apple,* 2011 WL 7036077, at *24, 2011 U.S. Dist. LEXIS 139049, at *76).

### C. The Preliminary Injunction Causes Undue Hardship to Aluckmao

Continuing the injunction imposes severe hardship on Aluckmao, a small China-based seller, by restraining its Amazon account and assets (ECF No. 42, ¶¶ 9–14), effectively halting its business. Aluckmao's good-faith efforts to comply with U.S. legal processes, despite initial barriers, and its valid design patent demonstrate that it is not engaging in willful infringement.

Conversely, Plaintiff's broad claims against 142 defendants, including Aluckmao, rely on speculative allegations of a coordinated scheme (Compl. ¶ 7) without specific evidence tying Aluckmao to others. Maintaining the injunction against Aluckmao, whose product is distinct and patented, is inequitable and unnecessary.

## IV. CONCLUSION

For the foregoing reasons, Defendant Aluckmao respectfully requests that this Court grant its Motion to Dissolve the Preliminary Injunction (ECF No. 42) as to Aluckmao pursuant to Federal Rule of Civil Procedure 60(b)(5). Aluckmao further requests such other and further relief as the Court deems just and proper.

Dated: June 23, 2025

> Respectfully submitted,
> /s/ Jianyin Liu
> Jianyin Liu, Esq.
> Florida Bar No. 1007675
> THE LAW OFFICES OF JAMES LIU, PLLC
> 15750 SW 92nd Avenue, Unit 20C
> Palmetto Bay, FL 33157
> Email: jamesliulaw@gmail.com
> Counsel for Defendant Aluckmao

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), I certify that on June 23, 2025, undersigned counsel for Aluckmao conferred with Plaintiff's counsel, Valeria M. Pelet del Toro, to discuss the substance of this motion to dissolve the preliminary injunction and potential resolution. Plaintiff's counsel disagreed, asserting that the injunction remains necessary based on the Complaint's allegations.

No resolution was reached. This motion is filed following the conference of counsel pursuant to Local Rule 7.1(B).

/s/ Jianyin Liu
Jianyin Liu, Esq.
Dated: June 21, 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of June, 2025, a true and correct copy of the foregoing Motion to Dissolve Preliminary Injunction was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu
Jianyin Liu, Esq.